**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**LM WASTE SERVICE, CORP.**<br><br>Debtor | CASE NO. 14-08851-11 (EAG)<br><br>CHAPTER 11 |
| **LM WASTE SERVICE, CORP.**<br><br>Plaintiff<br><br>v.<br><br>**MUNICIPIO DE SAN GERMÁN**<br><br>Defendant | **ADVERSARY NO. 15-\_\_\_\_(EAG)**<br><br>Re: TURNOVER OF PROPERTY OF THE ESTATE; COLLECTION OF MONEY; BREACH OF CONTRACT |

**COMPLAINT**

**TO THE HONORABLE COURT:**

  **COMES NOW**, Debtor-Plaintiff, **LM WASTE SERVICE, CORP.**, (hereinafter referred to as **LM**) represented by the undersigned counsel and very respectfully states and prays as follows:

  1. This is an adversary proceeding filed pursuant to 11 U.S.C. §105 and 11 U.S.C. §542 and Bankruptcy Rule 7001 within a Chapter 11, Title 11 §1101 et. seq. of the U.S. Bankruptcy Code and §1044 and 1054 of Puerto Rico's Civil Code, 31 L.P.R.A. secs. 2994 and 3018. It is a complaint for turnover of property of the Estate and collection of money.

  2. Jurisdiction is ascertained under 28 U.S.C. §1334 in that it arises

under Chapter 11 of the U.S. Code, and constitutes a core proceeding as defined in Title 28 U.S.C. §157 and Bankruptcy Rule of Civil Procedure 9020.

3. Venue is appropriate in this Court under 28 U.S.C. §1409(a).

### The Parties

4. LM is the Debtor in Possession in the captioned Chapter 11 case, and his address is PMB-123, Guaynabo, P. R. 00970-7886.

5. Municipio de San Germán is a municipality of the Commonwealth of Puerto Rico with postal address P.O. Box 85, San Germán, PR 00683-0085 and physical address at Luna St., City Hall, San Germán, PR 00683.

### Introduction

6. As will be discussed hereunder in detail, the above-mentioned Defendant owes the Estate the principal amount of $731,902.17 plus interests and damages for the breach of a service contract. The debt is matured, liquid and payable on demand. Section 542(b) of the Bankruptcy Code, 11 U.S.C. §542 provides for the turnover to the estate from an entity who has a mature debt owed to the Estate and payable on demand.

### Background

7. LM had a contract with the Defendant to provide services. The services in this case were for the collection, transportation and disposal of solid waste generated within the Municipality of San Germán under Contract #2010-00613.

8. The contract's term was from March 1, 2010 to March 1, 2020.

9. Due to Defendant's breach of the contractual agreement and lack

of payment, LM declared Defendant in default and stopped rendering the services and initiated an extrajudicial process to collect the amounts owed plus the damages arising from the breach of the contract.

10. Defendant has a total outstanding debt to the Debtor for the services rendered of $731,902.17 in principal, plus damages estimated in a sum of no less than $9,117,625.92 due to the breach of the contract. The debt is matured, liquid and payable on demand.

11. On October 29, 2014, LM filed a Bankruptcy petition under Chapter 11 in the Bankruptcy Court for the District of Puerto Rico. *Bankruptcy Case No. 14-08851 (EAG), Dkt. 1.*

## First Cause of Action
## Request for Turnover of Property Pursuant to §542

12. LM re-alleges and incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint.

13. Subsection 542(b) of the Bankruptcy Code reads as follows:

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.
11 U.S.C. §542(b)

14. "These are actions instituted by the plaintiff trustee in bankruptcy to compel the turnover to him, pursuant to section 542(b) of the Bankruptcy Code, of amounts due the debtor which are, within the meaning of that section, "matured, payable on demand, or payable on order." *Matter of Kakolewski*, 29 BR 572 (1983).

15. "According to the unambiguous letter of section 542(b), a matured account or an indebtedness payable on demand is property which is within the summary turnover power of a bankruptcy court." *Matter of Kakolewski, supra.*

16. "Whether a claim for an overdue account can be described as a matured debt depends on whether it is 'specific in its terms as to amount due and date payable.'" *F & L Plumbing and Heating Co., Inc. v. N.Y. University (In re F & L Plumbing and Heating Co., Inc.), 114 B.R. 370, 376 (E.D.N.Y.1990)." In re Shea & Gould*, 198 BR 861 (1996).

17. The debt in this case is matured, liquid and payable on demand.

18. The Defendant has an outstanding balance to the Debtor of $731,902.17 in principal, plus damages due to the breach of the contract.

19. "Thus, "[a] turnover proceeding can only be considered a core proceeding under § 542(b) when its purpose is the collection, rather than creation, recognition or liquidation of a matured [claim]." *Acolyte Electric Corp. v. City of New York*, 69 B.R. 155, 172 (1986).

20. In this case we're clearly dealing with the collection of a matured claim.

21. In determining the meaning of "maturity date" as used in the definition of "forward contract" in § 101(25)(A), the court will look at the ordinary meaning of the term. See *Ransom v. FIA Card Servs., N.A.,* 131 S.Ct. 716, 724, 178 L.Ed.2d 603 (2011). In the context of commercial law, the date of maturity is "[t]he date when a debt falls due, such as a debt on a

promissory note or bond." *Black's Law Dictionary* 452 (9th ed. 2009). An obligation is "due" when it is "[i]mmediately enforceable" or "[o]wing and payable." <u>In re Cascade Grain Products, LLC</u>, 465 B.R. 570 (2011).

22. "In the absence of any helpful definition in the Bankruptcy Code or the Uniform Commercial Code," the court said, the common sense or usage definition of "maturity date" is the date that all other obligations under the contract have been performed, and nothing else need be done except tender payment. Common usage in the context of forward contracts suggests that it refers to the date on which delivery has occurred and payment to "settle" is due. The word "mature," used in <u>§ 101</u>(25A), suggests a single date and meant the "due date for commencement of performance," but Congress did not intend to restrict the number of times a forward contract can mature.

23. This action is brought on behalf of LM for the turnover of the property pursuant to section 542(b) of the Bankruptcy Code.

24. The Defendant has an outstanding balance of $731,902.17 in principal that is matured and collectable by LM, plus is entitled to a sum of no less than $9,117,625.92 for damages caused due to the breach of the contract.

**Second Cause of Action**
**Collection of Money**

25. LM re-alleges and incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint.

26. In the alternative, Puerto Rico Civil Code contains a disposition related to the collection of monies due to conceived obligations in its §1044

and 1054 of Puerto Rico's Civil Code, 31 L.P.R.A. secs. 2994 and 3018.

27. These obligations arise from law, contracts, quasi-contracts, and acts and omissions involving illegal or any kind of fault or negligence. 31 LPRA sec. 2992.

28. The Defendant had a business relation with LM prior to the filing of the petition.

29. During the relationship between the Defendant and LM multiple obligations were conceived.

30. The Defendant obtained benefits from the described relation.

31. At this moment the Defendant owes LM an amount of $731,902.17 in principal plus interests, plus a sum of no less than $9,117,625.92 in damages due to the breach of the contract.

32. The amount owed is fully matured and payable.

33. A claim for payment of money against a defendant that is liquid and enforceable will proceed under Puerto Rico law pursuant to Civil Code §1041, *supra*.

34. The Plaintiff has tried to collect the owed monies without any success.

35. Therefore, we request to this Honorable Court to compel the Defendant to pay the owed monies to LM.

**WHEREFORE**, we respectfully ask this Honorable Court to compel the Defendant to return to LM the amount of $731,902.17 in principal, plus a sum of no less than $9,117,625.92 in damages due to the breach of the contract in

principal, and interests under section 542(b) of the Bankruptcy Code or, in the alternative, to pay LM the amount owed under Puerto Rico law, together with costs, expenses, and disbursements including, but not limited to attorney's fees, incurred in this process.

**RESPECTFULLY SUBMITTED**

San Juan, Puerto Rico, this 4th day of May, 2015.

S/ Manuel Borges Méndez
Manuel Borges Méndez
USDC-PR 226305

**BORGES LAW OFFICES**
P.O. Box 16673
San Juan, Puerto Rico 00908-6673
Tel. (787) 722-3049/ 593-5782
Fax. (787) 722-3049
E-mail address: mborgesmendez@yahoo.com

S/Enrique J. Mendoza Méndez
Enrique J. Mendoza Méndez
USDC-PR 202804

*MENDOZA LAW OFFICES*
P.O. Box 9282
San Juan, Puerto Rico 00908-0282
Tel. (787) 722-5522; 722-5530
Fax. (787) 723-7057
E-mail address: mendozalo@yahoo.com